**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAL SAOUD, | No. 08-70814 |
| Petitioner, | Agency No. A077-993-346 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Michal Saoud, a native and citizen of Syria, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

The record does not compel the conclusion that changed circumstances excused Saoud's untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, Saoud's asylum claim fails.

Substantial evidence supports the agency's finding that Saoud did not suffer past persecution on account of his Christian religion because Saoud's experiences with government employment in the 1970s constituted at most discrimination and harassment, *see Halaim v. INS*, 358 F.3d 1128, 1131-32 (9th Cir.2004), and Saoud did not establish that the isolated attack on his wife in 1986 constituted persecution, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Substantial evidence also supports the agency's conclusion that Saoud did not demonstrate a clear probability of future persecution. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002) (when a petitioner has not established past persecution, the agency may "rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution."). Accordingly, Saoud did not establish eligibility for withholding of removal.

2                                                                              08-70814

Finally, substantial evidence also supports the agency's denial of CAT relief because Saoud failed to establish it is more likely than not he will be tortured if returned to Syria. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**